[S. F. No. 13494.  In Bank.—April 28, 1930.]

FINDLEY BUCHANAN, etc., Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Aitken & Aitken and Wm. G. Bryce for Petitioner.

Robert McMahon and Dion R. Holm for Respondents.

SEAWELL, J.—Petitioner Findley Buchanan, by his guardian *ad litem*, attempts by *certiorari* to annul the proceedings had in the Superior Court appointing the brother of the alleged incompetent, to wit, William Buchanan, his guardian. The petition for letters of guardianship alleged that said alleged incompetent was about seventy-three years

of age and was in ill health and his mind was so impaired that he had become mentally incompetent to manage his affairs and property, which consisted of stocks and bonds, cash deposited with several banks and real property. The value of his estate approximates fifty thousand dollars. From all that appears from the record the petitioner for letters, being the only brother, is the proper person to be appointed guardian of said Findley Buchanan, as he is the only relative of said Findley Buchanan residing in the city and county of San Francisco. The merits of the case, considered wholly apart from the controversy as to procedure, seem to preponderate in favor of the petitioner for letters of guardianship, who is the respondent herein.

The argument which petitioner brings to bear most earnestly upon the proceeding is the failure of the court to specifically name the incompetent as one of the persons to whom notice of the hearing should be given. The order appointing the day for hearing the petition for guardianship and directing notice to be given recites the fact that William Buchanan had filed a petition to be appointed guardian of the person and estate of said Findley Buchanan, an incompetent person, and upon those recitals notice of the hearing is directed to be served upon Patrick Flannery, a person having the care of said Findley Buchanan, and upon said William Buchanan. Notwithstanding the fact that Findley Buchanan's name was not among others in the order fixing a day for hearing the petition, a citation in the usual form and under the seal of the court was issued to and served upon said Findley Buchanan. The obvious purpose of the statute in requiring such order is to make certain that the alleged incompetent, who, in the instant case, was within the jurisdiction of the court, was served with citation. The object of the law was accomplished.

By the amendment of 1929 to section 1763 of the Code of Civil Procedure the clerk of the court must cause the notice to be given to the supposed insane or incompetent person of the time and place of hearing the case, thus making definite that the clerk, being a part of the machinery of the court in such matters, may act for the court in obedience to statutory requirements which are merely procedural in nature and do not, in a strict sense, involve the exercise of judicial functions.

█ Petitioner attacks the order appointing the guardian as being insufficient in that it does not specifically or by reference name the incompetent as one of the persons to whom notice was given pursuant to order of court, but refers to relatives and the person, without mentioning his name, under whose care the said Findley Buchanan was at the time of and prior to said hearing. Said order appointing the guardian does find, however, that said matter came "regularly" before the court for hearing, and the fact that it referred in general terms to relatives and the person in charge of the incompetent would not of itself be conclusive of the fact that the incompetent was not included in an order directing notice, etc. But we can see no good reason for invalidating these proceedings, even though the alleged incompetent was not named as a person to be cited if, as a matter of fact, a citation was issued, as in this matter, by the clerk under the seal of the court and the alleged incompetent was served. The court throughout the proceedings treated the clerk's action as originating with the court and no injury in the circumstances of the proceeding could have come to the alleged incompetent from the order appointing his brother guardian.

█ A medical certificate in the form of an affidavit prepared by Alex Raymond, M. D., in which he averred that Findley Buchanan was then under his care and his physical and mental condition was such as to render it impossible for him to attend the hearing of said matter, is included in the return to the writ. Whether this certificate should be regarded as sufficient to excuse the presence of said alleged incompetent at the hearing is not important, as the evidence adduced at the hearing is not before us and it will, therefore, be presumed that the evidence, independent of the medical certificate, clearly showed that the alleged incompetent was unable to attend the hearing. As a matter of record, however, it does not appear that said incompetent was not present at said hearing.

█ The alleged incompetent not being a patient at a state hospital, no certificate from the medical superintendent of such a hospital that he was unable to attend the hearing was pertinent to the proceeding.

At the time this cause was set for hearing the counsel for respondent called to the attention of this court that the in-

competent was in court accompanied by his brother, respondent, and challenged any assertion that the person under guardianship was dissatisfied with the order of the trial court. No protest was heard.

Numerous citations have been made to *Grinbaum* v. *Superior Court*, 192 Cal. 528 [221 Pac. 635]. That case was decided on a state of facts widely differing in important respects from the case here presented. We feel that no injustice has been done by the proceedings taken.

The order is affirmed and the writ is discharged.

Preston, J., Waste, C. J., Curtis, J., Shenk, J., and Richards, J., concurred.